UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No.:** |
| | : | |
| v. | : | |
| | : | **UNDER SEAL** |
| **ZUBAYAR AL-BAKOUSH** | : | |
| | : | |
| **Defendant.** | : | |

## MOTION TO SEAL COMPLAINT AND RELATED DOCUMENTS

The United States of America requests that the Court place under seal, until further order of the Court, the Complaint for Zubayar Al-Bakoush ("the defendant"), in this case, as well as any related documents, the Government's Motion to Seal, and the Court's Order sealing these documents. In support of its motion, the government states as follows:

Today, the government anticipates that a Complaint will be filed against the defendant, charging him with the following: (1) Killing a Person in the Course of an Attack on a Federal Facility Involving the Use of a Firearm and Dangerous Weapon and Attempting and Conspiring to Do the Same, in violation of 18 U.S.C. §§ 930(c) and 2; (2) Providing, Attempting and Conspiring to Provide Material Support to Terrorists Resulting in Death, in violation of 18 U.S.C. §§ 2339A and 2; and (3) Discharging, Brandishing, Using, Carrying and Possessing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1) and 2. The government further anticipates that the Court will grant its request for an Arrest Warrant to be issued today for the arrest of the defendant on this Complaint.

The Complaint in this case charges the defendant with his participation in the September

11, 2012 attack on the U.S. Mission in Benghazi, Libya. On that date, the Mission was occupied by seven U.S. citizens, including the U.S. Ambassador to Libya, and a contingent of local guards. At approximately 9:45 p.m., a large group of men, many of whom were armed with AK-47 type assault rifles, gathered outside the Mission's main gate. The defendant was among this group. Without provocation or notice, the group aggressively rushed the main entrance and gained access to the interior of the Mission's compound. The men were seen running around the compound, discharging their weapons (including AK-47 type assault rifles and rocket-propelled grenades), forcibly attempting to gain access to the compound's buildings, and defacing and looting property within the compound. During the attack, several vehicles and buildings within the compound were set afire. As a result, two U.S. citizens, including the Ambassador, died of smoke inhalation. The surviving Mission personnel, with the aid of U.S. and Libyan response teams, were able to withdraw to a nearby U.S. facility. This second U.S. facility also came under repeated attacks, including an early morning mortar attack which killed two more U.S. citizens. The remaining U.S. personnel from the Mission and the second U.S. facility then evacuated from Benghazi with the aid of a U.S. response team from Tripoli and local militia members.

This attack was committed, at least in part, by an extremist group known as Ansar Al-Sharia ("AAS"). AAS is an Islamist fundamentalist group operating in eastern Libya. It is heavily armed, as evidenced by this attack, and runs several military-type training camps in eastern Libya. AAS is believed to have been responsible for multiple violent attacks against the Libyan government as well as Western institutions in Benghazi, including the British consulate and the International Red Cross. AAS has publically advocated its *jihadist* views against the West and is known to be associated with other violent fundamentalist groups, such as *Al Qaeda*.

The Supreme Court has noted that "[e]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 598 (1978). *See also United States v. Hubbard*, 650 F.2d 293, 315 (D.C. Cir. 1981). For example, as noted by the D.C. Circuit in *Hubbard*, court documents have been sealed to protect the secrecy of ongoing criminal investigations. *Id.* at 316, n. 84 (citing *In re Sealed Affidavits*, 600 F.2d 1256 (9th Cir. 1979); *Shea v. Gabriel*, 520 F.2d 879, 880, 882 (1st Cir. 1975); *see also In re Grand Jury Subpoena, Judith Miller*, 438 F.3d 1138, 1141 (D.C. Cir. 2006) (acknowledging the need to seal court documents to avoid interfering with an ongoing investigation by special counsel). Federal courts are empowered to seal documents in appropriate circumstances. *Cf.* Fed. R. Crim. P. 6(e)(4) (sealing of indictments); Fed. R. Civ. P. 26(c)(1) (sealing discovery to avoid embarrassment); Fed. R. Civ. P. 5 (granting federal courts supervisory power over pleadings). The sealing of a case is appropriate where there exists an extraordinary situation and a compelling governmental interest, *Washington Post v. Robinson*, 935 F.2d 282, 289 (D.C. Cir. 1991), such as taking a defendant into custody, *United States v. Michael*, 180 F.2d 55, 57 (3d Cir. 1949); *see also United States v. Sharpe*, 995 F.2d 49 (5th Cir. 1993); *United States v. Southland Corp.*, 760 F.2d 1366, 1379-80 (2d Cir. 1985); *United States v. Lyles*, 593 F.2d 182 (2d Cir. 1979) (a charging document may be sealed for any legitimate prosecutorial reason, including to take the defendant into custody and bring him or her before the court), or protecting an ongoing criminal investigation. *See generally Globe Newspaper v. Superior Court*, 457 U.S. 596, 606-07 (1982); *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1985); Christopher K. Descherer & David L. Fogel, *Criminal Procedure Project*, 84 Geo. L. J. 1115,

1226 (1996) (courts have found the protection of ongoing government investigations a sufficiently compelling interest to justify sealing).

In this matter, there is ample reason for the Court to exercise its authority to seal the filings. In *Hubbard*, the D.C. Circuit identified six factors as relevant in assessing the propriety of sealing court records: (1) the need for public access to the documents; (2) whether the public had prior access to the documents; (3) whether any objections have been raised to sealing or unsealing the documents and the identity of those objecting; (4) the strength of the generalized property and privacy interests asserted in the documents; (5) the possibility of prejudice; and (6) the purpose for which the documents were introduced. *Hubbard*, 650 F.2d at 317-22. An analysis of the *Hubbard* factors weighs strongly in favoring of granting the United States' Motion to Seal.

First, there is no demonstrable need for the public to access the criminal Complaint and related documents at the present time. A sufficient justification for the sealing of court documents exists when the government is trying to avoid compromising an ongoing investigation. *See Robinson*, 935 F.2d at 291(recognizing that a valid justification for sealing a plea agreement may be that its release could threaten an ongoing criminal investigation).

The second *Hubbard* factor is not implicated in this matter, as the public has not had prior access to these documents. Similarly, the third *Hubbard* factor is not affected because no objections have been raised by any member of the public.

Consideration of the fourth *Hubbard* factor strongly favors granting the Motion to Seal. The documents sought to be sealed constitute the filings of the United States, which has a strong interest in keeping its ongoing criminal investigation covert until it is ready to take public action.

Fifth, public disclosure of these documents, as well as the existence and status of the investigation, would have a significant prejudicial effect on the case. The investigation is ongoing. The defendant, the AAS leadership, and its many armed members remain at large in eastern Libya. Much of the evidence and many of the witnesses to this offense and their families remain in Libya and within the reach of AAS. The public disclosure of the Complaint at this time would heighten the risk of the destruction of evidence, threaten the safety of witnesses and their families, and encourage the flight of the defendant and his co-conspirators. Each of these factors is particularly important in this instance because of the violent propensity and capability of the AAS. Sixth, the purpose of the criminal Complaint and arrest warrant is to charge and obtain custody of the defendant. These documents have not previously been disclosed to the public. Public disclosure of these documents would undermine that purpose.

The government submits that these factors present an extraordinary situation and a compelling governmental interest which justify the sealing of the Complaint and related documents. Accordingly, the government requests that the Court issue an Order sealing the Complaint, related documents, this Motion, and the Order to Seal, until further Order of the Court.

In addition, we request that the sealing Order permit disclosure of the Complaint, related documents, and Order to Seal to appropriate law enforcement, diplomatic, intelligence, military, INTERPOL or other personnel, both in the United States and internationally, to the extent that such disclosure is in furtherance of national security, efforts to obtain custody of or detain the defendant, or discussions relating to the defendant's custodial status or detention.

WHEREFORE, for all the foregoing reasons, the United States respectfully requests that the Court issue an Order sealing (except to the limited extent specified herein) the Complaint,

related documents, this Motion, and the Order to Seal, until further Order of this Court.

Respectfully submitted,

RONALD C. MACHEN JR.
UNITED STATES ATTORNEY
D.C. Bar No. 447-889

By: _____
JOHN CRABB JR.
NY Bar No. 2367670
MICHAEL C. DILORENZO
JULIEANNE HIMELSTEIN
OPHER SHWEIKI
Assistant United States Attorneys
National Security Section
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-1794
john.d.crabb@usdoj.gov