**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **Case No. 1:25-cr-370 (CRC)** |
| | ) | |
| ZUBAYAR AL BAKOUSH | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**MR. AL BAKOUSH'S MOTION FOR LIMITED UNSEALING**

Zubayar Al Bakoush, by counsel, moves this Honorable Court for limited unsealing of the trial and other hearing transcripts in *United States v. Khatallah*, No. 1:14-cr-00141 and *United States v. Al-Imam*, No. 1:17-cr-00213, to allow production to the defense in this matter under the current protective order, ECF No. 27.

The transcripts of prior facts, arguments, and rulings in the two cases involving Mr. Al Bakoush's alleged co-conspirators are material to preparing his defense and therefore discoverable under Rule 16. Moreover, it promotes judicial economy for the defense team to know of the issues and holdings made in the two prior cases involving the attack on the U.S. Special Mission in Benghazi, Libya to avoid, when possible, re-litigating issues already argued and ruled upon.

To the extent that any sealed portions of the transcripts contain information other than that which relates to legal or factual issues in either of the two prior cases, or if a party opposes all disclosure of all sealed material regardless of its subject, it is the burden of the party seeking continued full sealing to provide the Court with the justification using the factors described in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980).[1] "It is not the party seeking unsealing's burden to proffer a need for public access; the burden is instead the respondent's to demonstrate the absence of a need for public access because the law presumes that the public is entitled to access the contents of judicial proceedings." *Vanda Pharms., Inc. v. Food & Drug Admin.*, 539 F. Supp. 3d 44, 52 (D.D.C. 2021) (citing *United States v. ISS Marine Servs., Inc.*, 905 F. Supp. 2d 121, 140–41 (D.D.C. 2012) (cleaned up).[2]

---

[1] *Hubbard*, 650 F.2d at 317, recognized the "strong presumption in favor of public access to judicial proceedings" and identified "six factors for a district court to consider in determining whether a judicial record may be sealed: '(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.'" *United States v. Al-Marimi*, No. 22-CR-392 (DLF), 2026 WL 242064, at *2 (D.D.C. Jan. 29, 2026)(citing *Hubbard*, 650 F.2d 293).

[2] In this case, Mr. Al Bakoush is not seeking public access, only defense access conforming to other discovery produced pursuant to the protective order.

Mr. Al Bakoush does not object to such requests for continued full sealing being made *ex parte.* In any event, the onus is not on the undersigned to provide such justification. Not only would it be contrary to well-established law, it would be impractical, if not impossible, for the defense team for Mr. Al Bakoush to make such determinations as to which, if any, material should be shielded entirely from the defense since the defense cannot know the contents of material it cannot see, and Mr. Al Bakoush does not have the interest in maintaining sealing.

Finally, to promote efficiency of Court resources (because this is a court-appointed case) and to discern which portions of the transcripts are covered under the protective order, Mr. Al Bakoush additionally requests that the government produce the unredacted transcripts with highlights on the lines that have been unsealed pursuant to the Court's limited unsealing order. These highlighted lines would provide clear indication as to which material is not public and is instead disclosed under the terms of the Protective Order, ECF No. 27.

Counsel has conferred with the government who opposes this motion.

A proposed order is attached.

3

Respectfully submitted,

ZUBAYAR AL-BAKOUSH
by counsel


_____/s/_____

Jessica Carmichael, DC Bar 998952
Zachary Deubler, DC Bar 1615063
CARMICHAEL ELLIS & BROCK, PLLC
108 N. Alfred Street, 1st Fl
Alexandria, Virginia 22314
703.684.7908 / Fax 649.6360
jessica@carmichaellegal.com
zach@carmichaellegal.com

Kyle R. Boynton, VA Bar 92123 *
K.R. BOYNTON, PLLC
108 N. Alfred Street, 1st Fl
Alexandria, Virginia 22314
571.274.6199
kyle@boynton.law
*DDC admission application pending

*Attorneys for Zubayar Al-Bakoush*

4